**Frank Ivan LaRUE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59970.**

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 17, 1980.

Rehearing Denied Feb. 18, 1981.

Tim M. Finnical, Thomas F. Clayton, Danny D. Pitzer, Lawrence B. Mitchell, Dallas, for appellant.

Kerry Knorpp, County Atty., Kevin H. Settle and Arnold N. Miller, Asst. County Atty., Amarillo, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, ODOM and PHILLIPS, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for commercial obscenity. Punishment was assessed at 180 days' confinement plus a $1000.00 fine.

Appellant contends that the trial court erred in overruling his objection to the court's charge regarding "contemporary community standards." The pertinent part of the charge stated:

"You are further instructed that, in determining whether the dominant theme of the material as a whole appeals to the prurient interest of the average person applying contemporary community standards, *YOU ARE TO APPLY THE CONTEMPORARY COMMUNITY STANDARDS OF THE ADULT POPULATION OF POTTER COUNTY, TEXAS,* and not the personal opinion of each juror." (Emphasis added.)

The appellant's objection to the charge stated:

"The court's charge improperly charges the jury that the geographic area of the community is Potter County, Texas, as that was not the proper geographic area at the time of the alleged commission of the offense, i. e. the court should charge on national, or statewide geographic area."

On appeal it is argued that the court "improperly stated the applicable geographical area for determining contemporary community standards," and erred in "limiting the community to that of Potter County." He concedes that a national community standard is not the measure for obscenity. See, *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419. Likewise, "the Constitution does not require that juries be instructed in state obscenity cases to apply the standards of a hypothetical statewide community. *Miller* approved the use of such instructions; it did not mandate their use." *Jenkins v. Georgia,* 418 U.S. 153, 94 S.Ct. 2750, 41 L.Ed.2d 642. The states are accorded considerable latitude in deciding the geographic scope of the community from which the jury is to apply standards. In *Smith v. United States,* 431 U.S. 291, 97 S.Ct. 1756, 52 L.Ed.2d 324, it was written, "If a State wished to adopt a slightly different approach to obscenity regulation, it might impose a geographic limit on the determination of community standards by defining the area from which the jury could be selected in an obscenity case, or by legislating with respect to the instructions that must be given to the jurors in such cases."

What is the appropriate charge on geographic scope of the community in obscenity prosecutions under chapter 43 of the Texas Penal Code? The legislature has not defined the scope of the community, but one of the purposes of the Penal Code is to provide for statewide uniformity. See, V.T. C.A., Penal Code Secs. 1.02(6) and 1.08. In *Berg v. State,* Tex.Cr.App., 599 S.W.2d 802, we rejected the notion that contemporary community standards in that case could be restricted to the territorial limits of Johnson County, and approved a jury charge submitting the issue under "the contemporary community standards of the State of Texas."

The State argues that *Parrish v. State,* Tex.Cr.App., 521 S.W.2d 849, upheld a charge on local community standards. Their reliance is misplaced. That case upheld the charge submitted against an objection seeking a charge on national standards. The charge in that case did not submit a single county standard.

In light of the holding in *Berg v. State,* supra, and the failure of the legislature to have provided a narrower geographic basis, we hold the proper community scope for determination of the obscenity issue is not limited to one county. It was error to charge on a county-wide standard over the objection made by appellant.

The judgment is reversed and the cause remanded.