**Robert Dewayne GRAHAM, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. 60796.

Court of Criminal Appeals of Texas, Panel No. 1.

June 24, 1981.

**134**

Doyce Mallett, Amarillo, Roger Jon Diamond, Pacific Palisades, Cal., for appellant.

Kerry Knorpp, County Atty., Kevin H. Settle and Arnold N. Miller, Asst. County Attys., Amarillo, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, DALLY and TEAGUE, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of selling an obscene magazine; the punishment is confinement in the county jail for thirty days and a fine of $1000.00.

The decision in *LaRue v. State*, 611 S.W.2d 63 (Tex.Cr.App. 1980), controls the disposition of this case and requires reversal of the judgment. In that case the trial court improperly defined and limited the community to one county in instructing the jury on the contemporary community standards to determine whether materials are obscene. It was there said:

"[W]e hold the proper community scope for determination of the obscenity issue is not limited to one county. It was error to charge on a county-wide standard over the objection made by appellant."

The charge submitted in this case, over an objection which was equally as specific as that in *LaRue v. State*, supra, in pertinent part reads:

"You are further instructed that, in determining whether the dominant theme of the material as a whole appeals to the prurient interest of the average person applying contemporary community standards, you are to apply the contemporary community standards of the adult population of Potter County, Texas, as of October 25, 1977, and not the personal opinion of each juror."

This, except for the date set out in the charge, is precisely the same instruction submitted to the jury in *LaRue v. State*, supra.

The judgment is reversed and the cause is remanded.