

# The Attorney General of Texas

May 30, 1981

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Oscar H. Mauzy, Chairman
Senate Committee on Jurisprudence
Texas Senate Chamber
Austin, Texas 78711

Opinion No. MW-351

Re: Regulation of the location of establishments selling material harmful to minors.

Dear Senator Mauzy:

You have requested our opinion regarding the constitutionality of S.B. 129, presently pending before the 67th Legislature. The bill would enact article 2372y, V.T.C.S., which provides:

Art. 2372y. LOCAL REGULATION OF MATERIAL HARMFUL TO MINORS

Sec. 1. In this Article:
(a) "Harmful material to minors" shall mean material of any nature which depicts or describes ultimate sexual acts, normal or perverted, actual or simulated, masturbation, excretory functions, or lewd exhibition of the genitals in a manner that:
(1) considered as a whole, appeals to the prurient interest in sex of minors; and
(2) is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable material for minors; and
(3) considered as a whole, lack serious literary, artistic, political and scientific value for minors.
(b) "Minor" means any person under 18 years of age.
(c) "Prevailing standards" refers to the contemporary standards in the local community covered by an ordinance under this Article.
Sec. 2. The governing body of an incorporated city, town, or village or a commissioners court of a county may adopt ordinances:
(1) to regulate the manner in which harmful material to minors may be promoted, advertised, sold, exhibited, displayed, or distributed;
(2) to regulate the location of establishments that sell or commercially exhibit the harmful material; or
(3) to provide for the enforcement of ordinances adopted under this Act.

Sec. 3.    If an ordinance adopted under this Act by a commissioners court conflicts with an ordinance of an incorporated city, town, or village, the municipal ordinance prevails within the municipality's jurisdiction to the extent of the conflict.

Sec. 4 (a)   If an ordinance adopted under this Act defines an offense, the offense is a Class B misdemeanor.   However, if the governing body of a city, town, or village has adopted a comprehensive zoning ordinance under Chapter 283, Acts of the 40th Legislature, Regular Session, 1927, as amended (Article 1011a et seq., Vernon's Texas Civil Statutes), and if an ordinance adopted under this Act by the city, town, or village defines an offense relating to the location of establishments that sell harmful material to minors, the governing body of the city, town, or village may make the penalty for the offense the same as the penalty prescribed for an offense under the zoning ordinance.

(b)    The offense is prosecuted in the same manner as an offense defined by state law.

Sec. 5.    A municipality or county may file an action to enjoin the violation or threatened violation of an ordinance adopted by it under this Act.   The court may grant appropriate relief.

You first ask:

> 1.    Will any city or county ordinance necessarily unlawfully infringe "free speech rights" where adopted pursuant to a state enabling act which authorizes a city or county to regulate the promotion, advertisement, sale (including the location of such establishments), display or distribution of "harmful material to minors"?

The portion of Senate Bill 129 which authorizes a city or county to regulate the distribution of "harmful material to minors," without regard to the location of any establishment which distributes such material, permits the same kind of regulation validated by the United States Supreme Court in Ginsberg v. New York, 390 U.S. 629 (1968).   In that case, the Court upheld a New York statute which prohibited the sale to minors under 17 of material defined by the statute as "harmful to minors." The factors to be considered in determining whether the material was "harmful to minors" were essentially the same factors listed in section 1(a) of proposed article 2372y.   The Court held that, although the material in question was not even arguably "obscene" as to adults, "the concept of obscenity . . . may vary according to the group to whom the questionable material is directed or from whom it is quarantined." 390 U.S. at 636. Since the power of the state to control the conduct of children reached beyond the scope of its authority over adults, the statute did not invade the first amendment rights of minors.   Id. at 638.   Furthermore, it was not irrational for the legislature to conclude that exposure to the material condemned by the  statute was harmful to minors.   Id. at 643.   On the basis of Ginsberg, we are of the opinion that Senate Bill 129 does not necessarily authorize a city or county to unlawfully infringe the "free speech rights" of minors.     Of course, any particular ordinance might be unconstitutional as drafted or applied.

You next ask:

>    2.    Does it make any difference whether the ordinance is not
>    a "zoning ordinance" regulating the location of establishments
>    that sell such material?
>
>    3.    Is it of any consequence  that an ordinance may be
>    addressed to any establishment which sells such material or
>    must that be the "principal business" of the establishment?

Part of your first question inquires about section 2(2) of proposed article 2372y, which permits a city or county "to regulate the location of establishments" that sell or commerically exhibit material deemed harmful to minors.    Such an ordinance, by restricting the location of these businesses, would necessarily affect the access of adults to this material.    Hence, the scope of this inquiry is broader than a question limited to the distribution of the material to minors.

Nevertheless, the Supreme Court in Young v. American Mini Theatres, Inc., 427 U.S. 50 (1976), narrowly upheld a Detroit Ordinance which prohibited the operation of any "adult" movie theater, book store, or similar establishment within 1000 feet of any two other "regulated uses" or within 500 feet of any residential area.    The Court said that regulation of location, whether by zoning or some other means, does not necessarily offend the first amendment.    427 U.S. at 63.    The city could constitutionally confine adult theaters to certain specified commercial zones, require their dispersal throughout the city, or subject them to other zoning and licensing requirements. Id. at 62.    In justifying its decision, the Court declared that society's interest in protecting erotic materials:

>    is of a wholly different, and lesser, magnitude than the interest
>    in untrammeled political debate . . . . Even though the First
>    Amendment protects communication in this area from total
>    suppression, we hold that the State may legitimately use the
>    content of these materials as the basis for placing them in a
>    different classification from other motion pictures.

Id. at 70-71.

The Court also held that the classification system employed by the City of Detroit did not offend the equal protection clause.    The Court said that the city was at liberty to classify theaters on the sole basis of content of material exhibited.    427 U.S. at 70-71.  In our opinion, Young compels the conclusion that a city or county may, consistent with the United States Constitution, regulate, by zoning or other means, the location of establishments that sell material deemed "harmful to minors."   In addition, such an ordinance may classify the purveyors of such material on any reasonable basis, including content of material and quantity sold in relation to an establishment's total sales.

You also ask:

>    4.    May the legislature authorize a county and a city to
>    exercise concurrent jurisdiction in adopting such an ordinance?
>
>    5.    If your answer is in the negative, then may it be remedied

by the legislature providing that the municipal (city) ordinance controls to the extent of any conflicts?

Senate Bill 129 authorizes both cities and counties to adopt ordinances to carry out the purpose of the statute. If both a county and a city located therein adopt such an ordinance, the municipal ordinance prevails within the jurisdiction of the municipality to the extent of any conflict. Article 2372y, section 3. The bill apparently contemplates, however, that if a county adopts an ordinance and a city does not, the county ordinance is effective within the municipality's jurisdiction. By contrast, articles 2372v and 2372w, V.T.C.S., which authorize cities and counties to regulate massage parlors, nude modeling studios and similar establishments, permit a commissioners court to regulate such establishments only within the unincorporated area of the county.

Home–rule cities, nevertheless, are subject to the limitations of general law. Lower Colorado River Authority v. City of San Marcos, 523 S.W.2d 641, 644 (Tex. 1975). We have been cited to no authority indicating that the legislature is without power to grant to a county regulatory authority within a municipality when the city has not adopted a conflicting ordinance. Indeed, a number of statutes, particularly in the area of health and disease control, authorize concurrent jurisdiction by city and county officials. See Attorney General Opinion MW–113 (1979). See also Attorney General Opinion MW–285 (1980). In our view, the legislature may validly authorize a county and a city located within that county to exercise concurrent jurisdiction on the subject of regulating the location of establishments selling material deemed "harmful to minors."

Your last question is:

6. Will any county or city ordinance adopted concurrently (the same geographical area) be "void for vagueness" since the county and city may have different standards?

As we have indicated, this problem will not arise under Senate Bill 129 because, if both units of government adopt ordinances, the municipal ordinance will "prevail within the municipality's jurisdiction to the extent of the conflict." Article 2372y, section 3. Furthermore, the Court of Criminal Appeals has recently held in LaRue v. State, 611 S.W.2d 63 (Tex.Crim.,App. 1980), that, where the legislature has failed to provide a narrower geographic basis, the proper "community" for purposes of the standards provided under an obscenity statute is the entire state. 611 S.W.2d at 64. We conclude therefore that the adoption by a county and city of different ordinances for the same geographical area would not present any problem of constitutional vagueness.

You also ask that we discuss the dicta in Stansberry v. Holmes, 613 F.2d 1285 (5th Cir. 1980), which indicates that establishments regulated by articles 2372v and 2372w are not protected by the first amendment and hence do not enjoy even the minimal free speech rights of a book store or movie theater. In our opinion, the court is not attempting here to enlarge the first amendment protection available to book stores

and theaters which purvey erotic materials.   The limited scope of that protection was made clear by the Supreme Court in Young v. American Mini Theatres, Inc., supra.  In Stansberry, the court is simply noting that, whatever limited first amendment protection may be accorded a book store or theater, a massage parlor has none at all.

## SUMMARY

Senate Bill 129 is not facially unconstitutional.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Peter Nolan