Frank Ivan LARUE, Appellant,

v.

The STATE of Texas, Appellee.

No. 61228.

Court of Criminal Appeals of Texas, Panel No. 1.

July 14, 1982.

Rehearing Denied Sept. 15, 1982.

---

Thomas F. Clayton and Timothy M. Finnical, Dallas, for appellant.

Kerry Knorpp, County Atty., Kevin H. Settle and Arnold N. Miller, Asst. County Attys., Amarillo, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W. C. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for commercial obscenity. V.T.C.A. Penal Code, Sec. 43.23. After finding appellant guilty, the jury assessed punishment at 180 days and a fine of $1,000.00.

In his fourth ground of error, appellant maintains the court erred in overruling his written objection to that portion of the charge concerning contemporary community standards. He contends the charge was erroneous with regard to "the applicable geographical area for determining contemporary community standards."

That portion of the charge of which appellant now complains states as follows:

"You are further instructed that, in determining whether the dominant theme of the material as a whole appeals to the prurient interest of the average person applying contemporary community standards, you are to apply the contemporary community standards of the adult population of Potter County, Texas, and not the personal opinion of each juror."

In *LaRue v. State*, 611 S.W.2d 63 (Tex.Cr. App.), this Court held that the proper community scope for determination of the obscenity issue is not limited to one county. Thus, it was error for the court to charge on a county-wide standard over the objection made by the defendant. Id. at 64. See *Graham v. State*, 620 S.W.2d 133 (Tex.Cr. App.1981); *Berg v. State*, 599 S.W.2d 802 (Tex.Cr.App.).

We find the court erred in charging the jury, over the objection made by appellant, that a county-wide standard is applicable with regard to a determination of contemporary community standards.

The judgment is reversed and the cause is remanded.

W. C. DAVIS, Judge, dissenting.

Reversal of this case is unwarranted. First, the objection at trial differs from the objection first raised and sustained on appeal. On appeal it is appellant's position that the court improperly stated the applicable geographical area for determining contemporary community standards. Appellant's trial objection was as follows:

"Defendant objects to the last sentence of Paragraph II of the charge on the grounds that it implies that the jury must apply the contemporary community standards of the adult population of Potter County *and fails to apprise the jury that the jury must judge the appeal of the material with reference to a specially susceptible audience, if one is found.*" (Emphasis added)

It is obvious that it was not the geographic limitation which was the object of appellant's complaint, but the limitation to the standards of the "average person" within that community which was the target of appellant's complaint. See Section 43.-21(1)(B). *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974): ("This Court has emphasized on more than one occasion that a principal concern in requiring that a judgment be made on the basis of 'contemporary community standards' is to assure that the material is judged *neither on the basis of each jurors personal opinion, nor by its effect on a particularly sensitive or insensitive person or group.*" (Emphasis added) (Id. at 94 S.Ct. 2902.) Compare objection to charge in *Frank Ivan LaRue*, 611 S.W.2d 63 (Tex.Cr. App.1980).

I agree that "contemporary community standards" are not necessarily confined to a clearly described geographical area, see *Berg v. State*, 599 S.W.2d 802 (Tex.Cr.App. 1980); however, in the instant case, there is no evidence regarding contemporary com-

munity standards outside Potter County. The appellant certainly was not harmed by this charge. Compare *Berg v. State*, supra. In *Hamling v. U. S.*, 94 S.Ct. at 2901, the Supreme Court explained:

"The result of the Miller cases, therefore, as a matter of constitutional law and federal statutory construction, is to permit a juror sitting in obscenity cases to draw on knowledge of the community or vicinage from which he comes in deciding what conclusion 'the average person, applying contemporary community standards' would reach in a given case. Since this case was tried in the Southern District of California, and presumably jurors from throughout the judicial district were available to serve on the panel which tried petitioners, it would be the standards of that 'community' upon which the jurors would draw. *But this is not to say that a district court would not be at liberty to admit evidence of standards existing in some place outside of this particular district, if it felt such evidence would assist the jurors in the resolution of the issues which they were to decide.*" (Emphasis added)

There is no evidence in this case of standards existing outside Potter County. No harm has been shown. See Art. 36.19, Vernon's Ann.C.C.P.

I dissent.