Walter Whitfield BOYD, Appellant,

v.

The STATE of Texas, Appellee.

No. 60902.

Court of Criminal Appeals of Texas, Panel No. 3.

Nov. 24, 1982.

Rehearing Denied Jan. 5, 1983.

Thomas F. Clayton, Timothy M. Finnical and Richard Alan Anderson, on appeal only, Dallas, for appellant.

Henry Wade, Dist. Atty. and Fred C. McDaniel, John Lozano and Gerry Muller, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P.J., and DALLY and McCORMICK, JJ.

## OPINION

McCORMICK, Judge.

This is an appeal from a conviction for commercial obscenity. Punishment was assessed at 150 days' confinement and a $1,000 fine.

■ In his first ground of error appellant alleges that the trial court erred in commenting on the evidence by characterizing the material that was the subject matter of the trial. The record shows at the commencement of the voir dire of the jury the judge stated:

"THE COURT: Good morning. We are now ready to start. I am Judge Orvis, and I am the Judge of this Court, County Criminal Court No. 2. And I want to welcome you up here for your services as jurors.

We are going to call upon you today to try what we call the exhibition of obscene matter, I believe from my understanding it is going to be a short movie film, called porno film, or X-rated film. Before we go any further, is there any juror who feels that they could not sit through this type of case?

"MR. CLAYTON: Your Honor, I'm going to object to the Court's comment—potential comment on the weight of the evidence, characterizing material in this case.

"THE COURT: Your objection is overruled. Is there any member of the panel who feels they could not sit and be a fair and impartial juror in such a type of a case? ..."

Appellant argues that the trial judge's remarks violated Article 38.05, V.A.C.C.P. We disagree.

To constitute reversible error in violation of Article 38.05, supra, the comment must be such that it is reasonably calculated to benefit the State or prejudice the defendant's rights. *Marks v. State,* 617 S.W.2d 250 (Tex.Cr.App.1981); *Jackson v. State,* 548 S.W.2d 685 (Tex.Cr.App.1977). Our reading of the record shows that the judge was merely trying to introduce the case to the jury. By describing the film as "X-rated" or "porno", the judge was trying to draw out any jurors who found such films so objectionable that they would be predisposed to adjudicate the defendant as guilty. Further, our dictionary definition of pornographic does not define pornograph as being obscene, per se. All pornographic or X-rated films are not necessarily obscene. The trial judge's characterization of the film as "porno" or "X-rated" did not constitute reversible error. Appellant's first ground of error is overruled.

■ Next, appellant argues that the jury charge failed to define properly "contemporary community standards." The trial court instructed the jury in the charge that:

" 'Obscene' means having as a whole or dominant theme that:

"(a) appeals to the prurient interest of the average person applying contemporary community standards;

"(b) depicts or describes sexual conduct in a patently offensive way; and

"(c) lacks serious literary, artistic, political or scientific value."

The charge did not elaborate on any meaning of "contemporary community standards." The appellant requested the following specially requested charge:

"You are instructed that in determining whether the dominant theme of the

material as a whole appeals to the prurient interest of the average person applying contemporary community standards, you are to apply the contemporary community standards of the adult population of Dallas County, Texas and not the personal opinion of each juror."

This Court has held on more than one occasion that the proper community scope for determination of the obscenity issue is not limited to one county. *LaRue v. State,* 611 S.W.2d 63 (Tex.Cr.App.1980); *Graham v. State,* 620 S.W.2d 133 (Tex.Cr.App.1981). A jury charge which instructs the jury to use a county-wide standard with regard to a determination of contemporary community standards is erroneous. *LaRue v. State,* 637 S.W.2d 934 (Tex.Cr.App.1982); thus, the trial court properly overruled appellant's specially requested charge.

In addition, the appellant objected that the charge failed

> "to define for the jury the term 'community' with reference to community standards as to the geographical area, age, or maturity of the proper community standard for the jury to use in applying the law."

Appellant argues that the charge as worded allowed the jury to consider and speculate on individual opinions of the material not contemplated by the statute. Our review of the case law regarding the standard of "contemporary community standards" reveals that most, if not all, of the cases speak to geographical limitations only. The cases seem to implicitly suggest that the court need not specify the age or maturity of the community. Indeed, the United States Supreme Court in *Jenkins v. Georgia,* 418 U.S. 153, 94 S.Ct. 2750, 41 L.Ed.2d 642 (1974), wrote:

> "We also agree with the Supreme Court of Georgia's implicit approval of the trial court's instructions directing jurors to apply 'community standards' without specifying what 'community.' " 418 U.S. at 157, 94 S.Ct. at 2753.

Thus:

> "A juror is entitled to draw on his own knowledge of the views of the average person in the community or vicinage from which he comes for making the required determination, just as he is entitled to draw on his knowledge of the propensities of a 'reasonable' person in other areas of the law." *Hamling v. United States,* 418 U.S. 87 at 104, 105, 94 S.Ct. 2887 at 2901, 41 L.Ed.2d 590 (1974)

We hold that the court's instruction to apply contemporary community standards was sufficient. The court properly overruled appellant's objection. Appellant's second ground of error is overruled.

■ In his third ground of error, appellant contends the trial court erred in submitting to the jury during the guilt-innocence phase a special verdict concerning the obscenity of the film "Teeney Fanny." Appellant objected to the charge on the ground that it violated Article 37.07, V.A.C.C.P., which provides:

> "Section 1(a). The verdict in every criminal action must be general. When there are special pleas on which a jury is to find they must say in their verdict that the allegations in such pleas are true or untrue."

The jury charge in the instant case initially instructed the jury on the law applicable to the case. These instructions included a definition of commercial obscenity pursuant to V.T.C.A., Penal Code, Section 43.23(a)(1), definitions of obscene material, prurient interest, distribute, commercially distribute, and sexual conduct, pursuant to V.T.C.A., Penal Code, Section 43.21. This was followed by an instruction regarding conviction based on circumstantial evidence and an instruction on the defendant's failure to testify. Immediately thereafter, the following was included:

> "Now, if you find and believe from the evidence beyond a reasonable doubt that the one motion picture entitled 'Teeney Fanny' introduced into evidence by the State is obscene, as that term is herein defined, you will render a special verdict that the matter named in the charge is obscene.
>
> "If you find and believe from the evidence that the one motion picture film

entitled 'Teeney Fanny' introduced into evidence by the State is not obscene, as that term is herein defined, you will render a special verdict that the matter named in the charge is not obscene, or if you have a reasonable doubt whether or not the one motion picture film entitled 'Teeney Fanny' is obscene, you will give the Defendant the benefit of the doubt and that that the said material is not obscene."

The charge then included a special verdict sheet on which the jury indicated they found the film to be obscene. Following this, the charge contained the paragraph applying the law to the facts:

"Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the Defendant, Walter Whitfield Boyd, on or about the 2nd day of February, A.D. 1977, in the County of Dallas, and State of Texas, as alleged in the information, did then and there knowing the content of certain material, to wit: one motion picture film entitled 'Teeney Fanny' to be obscene, and the said Walter Whitfield Boyd did knowingly and intentionally commercially exhibit to C.T. Walker, said obscene material, which depicts acts of sexual intercourse between human beings, you will find the defendant guilty of the offense of commercial obscenity and so say by your verdict, and you will make no finding in this verdict as to punishment."

Whereupon the jury was instructed to render a general verdict of guilty or not guilty.

We fail to see how the appellant was harmed by the special verdict regarding the obscenity of the film. It is clear that before the jury could make a determination of appellant's guilt or innocence they had to make a determination as to the obscenity of the material. The court's charge merely emphasized that that determination must be made and we believe reinforced in the jury's mind the State's burden of proving

that the film was indeed obscene. Article 37.07, V.A.C.C.P., was not violated. The final verdict in this case was a general verdict.

The State erroneously argues that the special verdict was given pursuant to Article 527, Section 7, V.A.P.C. (1925). Section 7, supra, did provide that a special verdict had to be returned regarding the obscenity of the material in a prosecution under that article. However, Article 527, supra, was repealed, effective January 1, 1974, and thus was not in effect at the time appellant was tried.

However, finding that the charge as given in no way harmed appellant, we overruled appellant's third ground of error.

■ Next, appellant argues that the trial court erred in failing to include in the charge a defensive instruction that the material was possessed by a person having scientific, educational, governmental, or other similar justification. Appellant contends this affirmative defense was raised by evidence that State's Exhibit No. 4, the reel of film, reflected a 1973 copyright. He asserts that obscene materials are not entitled to copyright protection and the fact of a copyright raises the presumption that the material was designed to promote the progress of science and the useful arts.

At the time appellant's film received its copyright, the controlling statutory provision as to copyrights was 17 U.S.C., Section 4 (1970) (repealed).[1]

In the recent case of *Mitchell Brothers Film Group v. Cinema Adult Theater*, 604 F.2d 852 (5th Cir.1981), cert. denied 445 U.S. 917, 100 S.Ct. 1277, 63 L.Ed.2d 601 (1980), the Fifth Circuit, in construing the Copyright Act regarding obscenity, wrote that there was nothing in the "statutory language from which it can be inferred that Congress intended that obscene materials could not be copyrighted," at page 854. In fact, the Court wrote that throughout the history of the Copyright Act Congress has

1. Major changes in the law were made by the Copyright Act of 1976, 90 Stat. 2541, codified at 17 U.S.C., Sections 101–810 (1976 App.) (effective January 1, 1978). The instant offense occurred on February 2, 1977.

intentionally refrained from putting any content restrictions on copyrighting:

"Obscenity law is a concept not adopted for use as a means for ascertaining whether creative works may be copyrighted. Obscenity as a constitutional doctrine has developed as an effort to create a tolerable compromise between First Amendment considerations and police power. It is an awkward, barely acceptable concept that continues to dog our judicial system and society at large. The purpose underlying the constitutional grant of power to Congress to protect writings is the promotion of original writings, an invitation to creativity. This is an expansive purpose with no stated limitations of taste or governmental acceptability. Such restraints, if imposed, would be antithetical to the promotion of creativity. The pursuit of creativity requires freedom to explore into the gray areas, to the cutting edge, and even beyond. Obscenity, on the other hand, is a limiting doctrine constricting the scope of acceptability of the written word. [At page 856]

" * * *

"We can only conclude that we must read the facially all-inclusive 1909 copyright statute as containing no explicit or implicit bar to the copyrighting of obscene materials, and as therefore providing for the copyright of all creative works, obscene or non-obscene, that otherwise meet the requirements of the Copyright Act." At page 858

Thus, we must hold that the presence of the copyright mark on the film was *no evidence* whatsoever of the affirmative defense. Our review of the record reveals that the defense presented no witnesses in its behalf during the guilt-innocence phase of the trial and cross-examination of the State's witnesses did not reveal any defensive justification for appellant's possession of the film. Thus, no issue was raised regarding the affirmative defense and the trial court properly refused appellant's specially requested instruction regarding such affirmative defense. Appellant's fourth ground of error is overruled.

■ In his fifth ground of error, appellant argues the trial court erred in denying him the opportunity on voir dire examination to explore the personal views of the veniremen on what constitutes obscene material. At the outset we note that appellant's ground of error is clearly multifarious in violation of Article 40.09, Section 9, V.A. C.C.P. *Wells v. State,* 576 S.W.2d 857 (Tex. Cr.App.1979). In viewing the voir dire as a whole, we find that although appellant was not allowed to ask certain questions which he refers us to in his brief, he *was* allowed to ask numerous other questions in regard to what movies or literature each venireman had seen and whether the individual venireman considered such things to be obscene. We feel appellant was adequately allowed to voir dire the veniremen as to their personal views on obscenity and appellant was in no way restricted in ascertaining the individual veniremen's predisposition to viewing such evidence as was used in this case. The fifth ground of error is overruled.

■ Next, appellant complains that an extraneous offense was improperly introduced into evidence. During Officer C.T. Walker's testimony he gave a description of the location of the Metro Book Store. Appellant's counsel received permission to take the officer on voir dire and the following occurred:

[By Mr. Finnical]

"Q. Now, are you saying that State's Exhibit No. 1 (a diagram of the bookstore premises) that the address is 1228 North Industrial covering the entire building?

"A. It covers the Metro Book Store and the entrance off the parking lot.

" * * *

"Q. On what basis do you say that? Did you see a sign up there?

"A. Well, it's listed in the telephone book as that.

" * * *

"Q. So you really don't know what—just what you saw in the telephone book, is that correct?

"A. Yes, and by my past experience in filing other cases on it.

"MR. FINNICAL: Object, Your Honor. That's not responsive to the question, his answer.

"THE COURT: Sustained."

*Defense counsel then asked the court to instruct the jury to disregard the statement. The court complied and defense counsel requested a mistrial. This request was denied. Defense counsel then continued with his voir dire.*

We note initially that this answer was given in response to defense counsel's own questioning. It appears to us that the officer's answer was responsive to defense counsel's whole line of questioning. In addition, appellant's objection concerned only the responsiveness of the witness' answer. His objection at trial does not comport with the ground of error he is now raising on appeal. Thus, nothing is preserved for review. *Carillo v. State,* 591 S.W.2d 876 (Tex. Cr.App.1979). Finally, we feel that the trial court's instruction to the jury to disregard the statement made by the witness was sufficient to cure any harm that might have occurred. *Williams v. State,* 604 S.W.2d 146 (Tex.Cr.App.1980). Appellant's sixth ground of error is overruled.

▪ The next two grounds of error deal with the prosecutor's jury argument during the guilt-innocence phase of the trial. Appellant contends the trial court erred in allowing the prosecutor to argue extraneous matters of bad conduct outside the record when the following occurred:

"Now, we also heard from a woman from the Texas Amusement Commission. She told you she came in the early part of '77 because his machines were delinquent. They had not been paying—

"MR. FINNICAL: Your Honor, I object. That's not true. There was no testimony who owned the machines."

The court overruled appellant's objection. The prosecution's argument was in reference to the testimony of Kay Harold, an investigator with the Texas Amusement Machine Commission. She testified that around the time the film was seized she checked one of the machines on location at the Metro Book Store and it did not have a tax permit on it. Harold's testimony is unclear as to who owned the machine. At one point, she states appellant owned the machine and later on in her testimony she says the machines were owned by another individual. We find that the jury argument did not interject prejudicial unsworn testimony, but was merely a summation of the evidence. *Todd v. State,* 598 S.W.2d 286 (Tex.Cr.App.1980); *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App.1973). Appellant's seventh ground of error is overruled.

During rebuttal, the prosecutor argued as follows:

"Now, I want to address myself to the issue of obscenity. We showed the film to you and you saw the acts that were done. I've been around for awhile and I've never seen one human being deface another—

"MR. CLAYTON: Object, Your Honor, to the prosecutor's testifying in argument and it's outside the record.

"THE COURT: Sustained.

"MR. CLAYTON: I'll ask the Court to instruct the jury to disregard the statement.

"THE COURT: All right. Request denied. Proceed.

"MR. LOZANO: Okay. Well, the film speaks for itself and I will say that if it offended anyone here I truly apologize. I was offended by it.

"MR. FINNICAL: Again, Your Honor, I'm going to object to the prosecutor giving his opinion about the evidence. He's attempting to bolster the evidence with his own opinion and he is outside the record—"

The court sustained appellant's objection and instructed the jury to disregard the prosecutor's statement. Appellant's motion for mistrial was denied.

▪ For a prosecutor to argue outside the record and inject personal opinion is improper. *McKenzie v. State,* 617 S.W.2d 211 (Tex.Cr.App.1981); *Romo v. State,* 593 S.W.2d 690 (Tex.Cr.App.1980). However,

where the trial court sustains the appellant's objection and instructs the jury to disregard the statements as to the prosecutor's personal opinion, then error, if any, is cured. *Romo v. State,* supra; *Wyatt v. State,* 566 S.W.2d 597 (Tex.Cr.App.1978). The eighth ground of error is overruled.

■ In his ninth ground of error, appellant complains of the following jury argument made by the prosecutor during the punishment phase of the trial:

"Ladies and gentlemen, I am not going to talk to you about the guilt of this man. You have already decided that. It's obvious the defense attorneys are still arguing that issue. They are not satisfied that he is guilty. They are well paid to—

"MR. FINNICAL: I'm going to object to that, Your Honor, it's outside the record.

"THE COURT: Sustained. Stay within the record now. Move along.

"MR. CLAYTON: He's also attacking the defendant over the shoulders of the counsel.

"THE COURT: Move along.

"MR. FINNICAL: May we have a ruling, Your Honor, that he's attacking the defendant over the shoulder of counsel?

"THE COURT: That objection is denied. Your other objection was sustained. Let us proceed.

"MR. FINNICAL: Note our exception."

The appellant did not request the jury be instructed not to consider the matter complained of, nor did he request a mistrial. Appellant obtained all the relief he asked for. The error if any was not properly preserved. *Earnhart v. State,* 582 S.W.2d 444 (Tex.Cr.App.1979); *Cadena v. State,* 504 S.W.2d 910 (Tex.Cr.App.1974); *Nevarez v. State,* 503 S.W.2d 767 (Tex.Cr.App.1974). Appellant's ninth ground of error is overruled.

■ In his tenth ground of error, appellant argues that the statutory scheme of V.T.C.A., Penal Code, Sections 43.21 and 43.23, is unconstitutional in that it creates a stricter standard for determination of obscenity than that allowed under the First Amendment of the United States Constitution. At the time the appellant committed this offense, Section 43.23, supra, provided:

"(a) A person commits an offense if, knowing the content of the material:

"(1) he sells, commercially distributes, commercially exhibits, or possesses for sale, commercial distribution, or commercial exhibition any obscene material; ..."

Section 43.21, supra, provided:

"In this subchapter:

"(1) 'Obscene' means having as a whole a dominant theme that:

"(A) appeals to the prurient interest of the average person applying contemporary community standards;

"(B) depicts or describes sexual conduct in a patently offensive way; and

"(C) lacks serious literary, artistic, political or scientific value.

" * * *

"(3) 'Prurient interest' means an interest in sexual conduct that goes substantially beyond customary limits of candor in description or representation of such conduct. ...

" * * *

"(6) 'Sexual conduct' means:

"(A) any contact between any part of the genitals of one person and the mouth or anus of another person;

"(B) any contact between the female sex organ and the male sex organ;

"(C) any contact between a person's mouth or genitals and the anus or genitals of an animal or fowl; or

"(D) patently offensive representations of masturbation or excretory functions."

This Court recently considered a contention similar to appellant's in *Fletcher v. State,* 633 S.W.2d 895 (Tex.Cr.App.1982). The statutory scheme of Section 43.21 and Section 43.23, supra, was found to be neither vague, nor overbroad. Appellant's tenth ground of error is overruled.

Finding no reversible error, we affirm the conviction.