Ernest Vogler **BREWER** and Christopher Lee Taylor, Appellants,

v.

The **STATE** of Texas, Appellee.

Nos. 65751, 65752.

Court of Criminal Appeals of Texas, En Banc.

Nov. 9, 1983.

442

Thomas F. Clayton, Dallas, for appellants.

Henry Wade, Dist. Atty., and Jeffrey B. Keck, Earl Cross, Lowell Jones, Cathy Crier and Luis Merren, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

The appellants were convicted for commercial obscenity. V.T.C.A., Penal Code, § 43.23. Punishment was assessed by the jury at confinement in the county jail for thirty (30) days and a fine of $1,000.00.

■ At the outset we observe that appellants contend the court erred in overruling their objections to the charge defining the term "contemporary community standards."

The court charged the jury in part that " 'contemporary community standards' means the standards generally held throughout Dallas County, Texas . . . ."

Appellants objected on the grounds that the court had improperly stated the applicable geographical area for determining contemporary community standards, that the geographical area should be the State of Texas rather than limited to Dallas County.

Appellants were correct. The trial court erred in overruling appellants' objections and the convictions must be reversed. *La-Rue v. State,* 637 S.W.2d 934 (Tex.Cr.App.1982); *Graham v. State,* 620 S.W.2d 134 (Tex.Cr.App.1981); *LaRue v. State,* 611 S.W.2d 63 (Tex.Cr.App.1981).

We also observe that there appears to be a variance between the offense charged in each indictment and theory submitted to the jury in the respective jury instructions by the court.

Each information charged the appellants with possessing for commercial distribution and sale certain obscene material. The court's charge in each case authorized the jury to convict the appellants if they "did then and there . . . commercially distribute" certain obscene material.

V.T.C.A., Penal Code, § 43.23 (Commercial Obscenity), provides in part:

"(a) A person commits an offense if, knowing the content of the material:

"(1) he sells, commercially distributes, commercially exhibits *or* possesses for sale, commercial distribution, or commercial exhibition any obscene material . . . ." (Emphasis supplied.)

■ It appears that the informations charged possession *for* commercial distribution and sale of certain obscene material and the court's jury charges authorized conviction for commercial distribution of certain obscene material.

■ It is fundamental error when the court's charge to the jury substitutes a theory of the offense completely different from the theory alleged in the indictment or information. See *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979).

In view of our disposition of these appeals, we need not reach the other grounds of error, including the attack upon the constitutionality of the statute under which the appellants were convicted.

The judgments are reversed and the causes are remanded.