NO. 07-04-0349-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 21, 2004


______________________________



AMERICAN HOME ASSURANCE COMPANY,




 Appellant


v.



EDWARD VAUGHN, 




 Appellee


 _________________________________



FROM THE 251st DISTRICT COURT OF RANDALL COUNTY;



NO. 52,395-C; HON. PATRICK A. PIRTLE, PRESIDING


_______________________________





ON ABATEMENT AND REMAND


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 American Home Assurance Company appeals from an order on appellee's
application for attorney fees. The clerk's record was filed on August 3, 2004. The
reporter's record was due on September 2, 2004. On September 10, 2004, a letter was
sent to the court reporter requesting a reporter's status. No response has been received,
though due by September 20, 2004. 

 Accordingly, we abate this appeal and remand the cause to the 251st District Court
of Randall County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:

 1. why the reporter's record has not been filed; 


 when the reporter's record can reasonably be filed in a manner that
does not have the practical effect of depriving the appellant of his right
to appeal or delaying the resolution of this appeal. 


 

 The trial court shall cause the hearing to be transcribed. So too shall it 1) execute
findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be
developed a supplemental clerk's record containing its findings of fact and conclusions of
law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be
developed a reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Additionally, the district court shall then file the supplemental
record and reporter's record transcribing the hearing with the clerk of this court on or before
October 20, 2004. Should further time be needed by the trial court to perform these tasks,
then same must be requested before October 20, 2004.

 It is so ordered.

 Per Curiam





ctive sweep.


 At the time, appellant and one of his brothers were the only occupants. They were
handcuffed and officers remained in the residence with them but did not conduct a search
for narcotics until Officer Reyna notified them he had obtained a warrant. Reyna testified
that after a judge signed the warrant, (1) he contacted the officers on site and advised them
to begin the search unaware that officers had already entered the premises.

 Although Reyna had procured a warrant, a copy of it had not been presented to the
owner of the residence when officers had begun searching drawers, closets, clothing, etc.
and seized cocaine in the pockets of two jackets. (2) Also seized were digital scales, a bowl
typically used to cook cocaine, and plastic baggies commonly used to package cocaine.

 Appellant was indicted for possession with intent to deliver 400 or more grams of
cocaine in a drug free zone. Following a hearing on his motion to suppress evidence, the
trial court denied it on the basis that the warrant had been duly complied with and the
officers had the right to enter the residence and secure it. 

 By his first issue, appellant maintains the trial court erred in failing to suppress
illegally seized evidence. We disagree. A trial court's ruling on a motion to suppress is
reviewed for abuse of discretion. Oles v. State, 993 S.W.2d 103, 106 (Tex.Cr.App. 1999). 
We apply a bifurcated standard of review giving almost total deference to the court's
determination of historical facts and reviewing de novo its application of the law of search
and seizure to those facts. Laney v. State, 117 S.W.3d 854, 857 (Tex.Cr.App. 2003); State
v. Ross, 32 S.W.3d 853, 856 (Tex.Cr.App. 2000); see also Guzman v. State, 955 S.W.2d
85, 89 (Tex.Cr.App. 1997). The evidence should be viewed in the light most favorable to
the court's ruling. Armendariz v. State, 123 S.W.3d 401, 402 (Tex.Cr.App. 2003), cert.
denied, __ U.S. __, 124 S.Ct. 1883, 158 L.Ed.2d 469 (2004); State v. Ballard, 987 S.W.2d
889, 891 (Tex.Cr.App. 1999). Furthermore, the trial court's ruling admitting the evidence
will be upheld if it is reasonably supported by the evidence and correct on any theory of
law. Willover v. State, 70 S.W.3d 841, 845 (Tex.Cr.App. 2002). In a suppression hearing
the trial court is the sole judge of the credibility of the witnesses and the weight to be given
their testimony. Id. at 855. 

 Relying on the Fourth Amendment, article I, section 19 of the Texas Constitution,
and articles 1.06 and 38.23 of the Texas Code of Criminal Procedure, appellant asserts the
exigent circumstances exception to a warrantless search does not apply and "seizure" of
the evidence occurred prior to obtaining a warrant. The State's position is that exigent
circumstances to enter the premises existed and if not, relying on Segura v. United States,
468 U.S. 796, 104 S.Ct. 3380, 3386, 82 L.Ed.2d 599, 609 (1984), it argues the evidence
was seized pursuant to a valid search warrant.

 To justify a warrantless search, the State must show the existence of probable
cause at the time of the search and the existence of exigent circumstances that made
procuring a warrant impracticable. McNairy v. State, 835 S.W.2d 101, 106 (Tex.Cr.App.
1991). Exigent circumstances include (1) rendering aid or assistance to persons whom the
officers reasonably believe are in need of assistance, (2) preventing the destruction of
evidence or contraband, and (3) protecting the officers from persons whom they reasonably
believe to be present and armed and dangerous. Id. at 107. 

 Securing a dwelling based on probable cause to prevent destruction or removal of
evidence while a search warrant is being sought is not an unreasonable seizure. Segura,
104 S.Ct. at 3388. Where officers having probable cause enter a residence and arrest the
occupants who have a legitimate possessory interest in its contents and secure the
premises to preserve the status quo while others, in good faith, are in the process of
obtaining a warrant, they do not violate the Fourth Amendment's proscription against
unreasonable seizures. Id. at 3382; McGlothlin v. State, 705 S.W.2d 851, 855
(Tex.App.-Fort Worth 1986), rev'd on other grounds, 749 S.W.2d 856 (Tex.Cr.App. 1988). 

 The evidence established that following the buy, Officer Reyna and the other officers
returned to the police department where the decision to obtain a warrant was made. For
approximately one hour appellant's residence was without surveillance. The evidence also
showed that once surveillance resumed and appellant's mother left the residence carrying
a sack, she was stopped far enough away from the residence so as not to alert appellant. 
Testimony from other officers established that appellant's mother had no means of
communicating with appellant after she was stopped, and no evidence was presented of
possible counter-surveillance that could have lead appellant to discover law enforcement
was conducting surveillance. Although the State argues it was concerned with destruction
or removal of evidence, there is no evidence in support of that argument. Also, there was
no evidence to indicate that obtaining a search warrant would have been impracticable. 
We conclude the State did not establish the existence of exigent circumstances to justify
entry into appellant's residence prior to Officer Reyna obtaining the warrant. 

 Nevertheless, whether the initial entry into appellant's residence was illegal is
irrelevant to the admissibility of the challenged evidence where there was an independent
source for the warrant under which the evidence was seized. See Segura, 104 S.Ct. at
3390; see also Walters v. State, 680 S.W.2d 60, 62 (Tex.App.-Amarillo 1984, no pet.). The
warrant was based on information gathered during the undercover buy which was wholly
unconnected and prior to the initial entry. The items appellant asserts were erroneously
admitted into evidence were seized during a search conducted pursuant to a valid warrant. 
We conclude the trial court did not abuse its discretion in denying appellant's motion to
suppress. Issue one is overruled. 

 By his second issue, appellant urges error by the trial court in failing to charge the
jury with the law applicable to illegally seized evidence pursuant to article 38.23(a) of the
Texas Code of Criminal Procedure. (3) The State asserts appellant has waived this
contention. We agree.

 Following the charge conference and the trial court's offer to entertain objections,
defense counsel objected and requested: 

 an instruction be given to the jury on the execution of the search warrant in
this case. There has been evidence that it may possibly have not come up
to the standard that it needs to.


On appeal appellant does not challenge the execution of the warrant; rather, he contends
an instruction was mandatory because a fact question was raised by the evidence
regarding the illegality of the warrantless search. (Emphasis added). 

 The objection lodged at trial does not comport with the complaint on appeal and
thus, nothing is preserved for review regarding article 38.23(a). See Goff v. State, 931
S.W.3d 537, 551 (Tex.Cr.App. 1996); Boyd v. State, 643 S.W.2d 700, 706 (Tex.Cr.App.
1982). By his objection following the charge conference, appellant challenged the
execution of the warrant and on appeal contends the search was conducted without a
warrant. The underlying objection in no way alerted the trial court to the alleged error of
which appellant now complains. Issue two is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.

1. The warrant commanded officers to search for "crack cocaine, and any other
controlled substances, packaging materials, scales, money, and any other contraband
and/or items consistent with or indicative of trafficking of crack cocaine and other controlled
substances and the containers which may contain them . . . ."
2. See Tex. Code Crim. Proc. Ann. art. 18.06(b) (Vernon 1977).
3. Article 38.23(a) provides in part:

 In any case where the legal evidence raises an issue hereunder, the jury
shall be instructed that if it believes, or has a reasonable doubt, that the
evidence was obtained in violation of the provisions of this Article, then and
in such event, the jury shall disregard any such evidence so obtained.