NO. 07-04-0115-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 20, 2004

_____


LEE A. BRIONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-402135; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following his plea of not guilty, appellant Lee A. Briones was convicted by a jury of possession with intent to deliver a controlled substance in a drug free zone. Punishment was assessed by the jury at 70 years confinement. By two issues, appellant challenges his conviction maintaining the trial court erred in failing (1) to suppress illegally seized

evidence and (2) to charge the jury with the law applicable to illegally seized evidence. We affirm.

In July 2002, Officer Manuel Reyna was working undercover with the Drug Enforcement Administration when he met appellant through a confidential informant (CI) to discuss a narcotics and arms transaction. Approximately a week later, while other law enforcement officers were conducting visual surveillance on appellant's residence, Reyna and the CI were invited inside to purchase crack cocaine. According to Reyna's testimony, he and the CI followed appellant into a bedroom where appellant retrieved cocaine from a closet. Once the transaction was completed, Reyna, the CI, and all other officers involved in surveillance returned to the police department.

While at the department, the CI gave a statement which prompted Reyna to obtain a search warrant. Approximately one hour after the buy, Reyna instructed other officers to return to appellant's residence to resume surveillance while he secured the warrant. During surveillance, a female carrying a paper sack exited appellant's residence, got in her car, and drove away. Concerned with possible removal of narcotics or the buy money, a senior officer directed other officers to follow and stop the female. She was identified as appellant's mother and was detained for outstanding warrants. Apprehensive that evidence might be destroyed, the senior officer at the residence instructed officers to enter and secure the premises. Six officers dressed in raid gear entered the premises without knocking and conducted a search of persons and a protective sweep.

2

At the time, appellant and one of his brothers were the only occupants. They were handcuffed and officers remained in the residence with them but did not conduct a search for narcotics until Officer Reyna notified them he had obtained a warrant. Reyna testified that after a judge signed the warrant,[1] he contacted the officers on site and advised them to begin the search unaware that officers had already entered the premises.

Although Reyna had procured a warrant, a copy of it had not been presented to the owner of the residence when officers had begun searching drawers, closets, clothing, etc. and seized cocaine in the pockets of two jackets.[2] Also seized were digital scales, a bowl typically used to cook cocaine, and plastic baggies commonly used to package cocaine.

Appellant was indicted for possession with intent to deliver 400 or more grams of cocaine in a drug free zone. Following a hearing on his motion to suppress evidence, the trial court denied it on the basis that the warrant had been duly complied with and the officers had the right to enter the residence and secure it.

By his first issue, appellant maintains the trial court erred in failing to suppress illegally seized evidence. We disagree. A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. Oles v. State, 993 S.W.2d 103, 106 (Tex.Cr.App. 1999).

---

[1]The warrant commanded officers to search for "crack cocaine, and any other controlled substances, packaging materials, scales, money, and any other contraband and/or items consistent with or indicative of trafficking of crack cocaine and other controlled substances and the containers which may contain them . . . ."

[2]See Tex. Code Crim. Proc. Ann. art. 18.06(b) (Vernon 1977).

We apply a bifurcated standard of review giving almost total deference to the court's determination of historical facts and reviewing *de novo* its application of the law of search and seizure to those facts. Laney v. State, 117 S.W.3d 854, 857 (Tex.Cr.App. 2003); State v. Ross, 32 S.W.3d 853, 856 (Tex.Cr.App. 2000); *see also* Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App. 1997). The evidence should be viewed in the light most favorable to the court's ruling. Armendariz v. State, 123 S.W.3d 401, 402 (Tex.Cr.App. 2003), *cert. denied*, __ U.S. __, 124 S.Ct. 1883, 158 L.Ed.2d 469 (2004); State v. Ballard, 987 S.W.2d 889, 891 (Tex.Cr.App. 1999). Furthermore, the trial court's ruling admitting the evidence will be upheld if it is reasonably supported by the evidence and correct on any theory of law. Willover v. State, 70 S.W.3d 841, 845 (Tex.Cr.App. 2002). In a suppression hearing the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Id*. at 855.

Relying on the Fourth Amendment, article I, section 19 of the Texas Constitution, and articles 1.06 and 38.23 of the Texas Code of Criminal Procedure, appellant asserts the exigent circumstances exception to a warrantless search does not apply and "seizure" of the evidence occurred prior to obtaining a warrant. The State's position is that exigent circumstances to enter the premises existed and if not, relying on Segura v. United States, 468 U.S. 796, 104 S.Ct. 3380, 3386, 82 L.Ed.2d 599, 609 (1984), it argues the evidence was seized pursuant to a valid search warrant.

To justify a warrantless search, the State must show the existence of probable cause at the time of the search and the existence of exigent circumstances that made procuring a warrant impracticable. McNairy v. State, 835 S.W.2d 101, 106 (Tex.Cr.App. 1991). Exigent circumstances include (1) rendering aid or assistance to persons whom the officers reasonably believe are in need of assistance, (2) preventing the destruction of evidence or contraband, and (3) protecting the officers from persons whom they reasonably believe to be present and armed and dangerous. *Id.* at 107.

Securing a dwelling based on probable cause to prevent destruction or removal of evidence while a search warrant is being sought is not an unreasonable seizure. *Segura*, 104 S.Ct. at 3388. Where officers having probable cause enter a residence and arrest the occupants who have a legitimate possessory interest in its contents and secure the premises to preserve the status quo while others, in good faith, are in the process of obtaining a warrant, they do not violate the Fourth Amendment's proscription against unreasonable seizures. *Id.* at 3382; McGlothlin v. State, 705 S.W.2d 851, 855 (Tex.App.–Fort Worth 1986), *rev'd on other grounds*, 749 S.W.2d 856 (Tex.Cr.App. 1988).

The evidence established that following the buy, Officer Reyna and the other officers returned to the police department where the decision to obtain a warrant was made. For approximately one hour appellant's residence was without surveillance. The evidence also showed that once surveillance resumed and appellant's mother left the residence carrying a sack, she was stopped far enough away from the residence so as not to alert appellant.

5

Testimony from other officers established that appellant's mother had no means of communicating with appellant after she was stopped, and no evidence was presented of possible counter-surveillance that could have lead appellant to discover law enforcement was conducting surveillance. Although the State argues it was concerned with destruction or removal of evidence, there is no evidence in support of that argument. Also, there was no evidence to indicate that obtaining a search warrant would have been impracticable. We conclude the State did not establish the existence of exigent circumstances to justify entry into appellant's residence prior to Officer Reyna obtaining the warrant.

Nevertheless, whether the initial entry into appellant's residence was illegal is irrelevant to the admissibility of the challenged evidence where there was an independent source for the warrant under which the evidence was seized. *See Segura*, 104 S.Ct. at 3390; *see also* Walters v. State, 680 S.W.2d 60, 62 (Tex.App.–Amarillo 1984, no pet.). The warrant was based on information gathered during the undercover buy which was wholly unconnected and prior to the initial entry. The items appellant asserts were erroneously admitted into evidence were seized during a search conducted pursuant to a valid warrant. We conclude the trial court did not abuse its discretion in denying appellant's motion to suppress. Issue one is overruled.

By his second issue, appellant urges error by the trial court in failing to charge the jury with the law applicable to illegally seized evidence pursuant to article 38.23(a) of the

Texas Code of Criminal Procedure.[3]  The State asserts appellant has waived this contention.  We agree.

Following the charge conference and the trial court's offer to entertain objections, defense counsel objected and requested:

> an instruction be given to the jury on the execution of the search warrant in this case.  There has been evidence that it may possibly have not come up to the standard that it needs to.

On appeal appellant does not challenge the execution of the warrant; rather, he contends an instruction was mandatory because a fact question was raised by the evidence regarding the illegality of the *warrantless* search.  (Emphasis added).

The objection lodged at trial does not comport with the complaint on appeal and thus, nothing is preserved for review regarding article 38.23(a).  *See* Goff v. State, 931 S.W.3d 537, 551 (Tex.Cr.App. 1996); Boyd v. State, 643 S.W.2d 700, 706 (Tex.Cr.App. 1982).  By his objection following the charge conference, appellant challenged the execution of the warrant and on appeal contends the search was conducted without a warrant.  The underlying objection in no way alerted the trial court to the alleged error of which appellant now complains.  Issue two is overruled.

---

[3]Article 38.23(a) provides in part:
In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice

Do not publish.