

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00068-CR

JUSTIN TAYLOR ARGO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 55935-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Justin Taylor Argo entered an open plea of guilty to aggravated sexual assault of a child younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B). As a result, a Gregg County jury found Argo guilty, assessed a sentence of eighty years' imprisonment, and imposed a $10,000.00 fine. On appeal, Argo argues that he was harmed by the prosecutor's closing arguments and, alternatively, that his counsel rendered ineffective assistance by failing to object to the closing argument. We find that Argo failed to preserve his complaint of improper jury argument for our review. We also find that a silent record cannot support Argo's claim of ineffective assistance. As a result, we affirm the trial court's judgment.

## I.     Argo's Complaint About Improper Jury Argument is Unpreserved

"[P]roper jury argument generally falls within one of four areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to an argument of opposing counsel, and (4) plea for law enforcement." *Milton v. State*, 572 S.W.3d 234, 239 (Tex. Crim. App. 2019). In his first point of error on appeal, Argo complains that the State's prosecutor exceeded the bounds of proper jury argument when stating, "And, no, it doesn't make a difference that it was a tongue or a finger and not a penis. I could tell you that *when it happened to me*, that didn't make a difference, that didn't change the trauma." (Emphasis added).

"It is the duty of trial counsel to confine their arguments to the record; reference to facts that are neither in evidence nor inferable from the evidence is therefore improper." *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008) (quoting *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973)). "The arguments that go beyond these areas too often place

before the jury unsworn, and most times believable, testimony of the attorney." *Alejandro*, 493 S.W.2d at 232.

Further, "[f]or a prosecutor to argue outside the record and inject personal opinion is improper." *Boyd v. State*, 643 S.W.2d 700, 706 (Tex. Crim. App. [Panel Op.] 1982).

Nonetheless, the State argues that this point of error is unpreserved, and we agree. "[A]ll errors—even constitutional errors—may be forfeited on appeal if an appellant failed to object at trial." *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014). The Texas Court of Criminal Appeals has explained that the rules of error preservation, which require a timely objection, apply to improper closing arguments and that a "defendant must object and pursue his objection to an adverse ruling . . . to complain on appeal about the argument." *Hernandez v. State*, 538 S.W.3d 619, 622 (Tex. Crim. App. 2018) (citation omitted) (citing *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (overruling appellate court's decision that found the improper jury argument was timely raised in a motion for new trial)); *see* TEX. R. APP. P. 33.1(a). "A defendant must object at the earliest opportunity to prevent waiver of an issue on appeal." *Owens v. State*, 549 S.W.3d 735, 744 (Tex. App.—Austin 2017, pet. ref'd) (citing *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014)). "Even incurably improper . . . argument is forfeitable." *Hernandez*, 538 S.W.3d at 623. Accordingly, "[a] defendant forfeits his complaint about improper . . . argument if he fails to object each time such argument is made." *Owens*, 549 S.W.3d at 744 (citing *Valdez v. State*, 2 S.W.3d 518, 521–22 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd)).

Here, Argo lodged no objection to the prosecutor's argument and did not otherwise timely raise the issue with the trial court. As a result, we overrule Argo's first point of error for lack of preservation.

## II. A Silent Record Does Not Support Argo's Claim of Ineffective Assistance

In his second point of error, Argo raises the alternative argument that his counsel rendered ineffective assistance by failing to object to the prosecutor's jury argument.

### A. Standard of Review

The Sixth Amendment to the United States Constitution guarantees an accused the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. CONST. amend. VI; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). We "look to the totality of the representation" in evaluating the effectiveness of counsel. *Auld v. State*, 652 S.W.3d 95, 113 (Tex. App.—Texarkana 2022, no pet.). As many cases have noted, the right to counsel does not mean the right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "[T]o prevail on a claim of ineffective assistance of counsel, [the defendant] must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, [687–88] . . . (1984)." *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (orig. proceeding). A failure to make a showing under either prong of the *Strickland* test defeats a claim for ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

"Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "When such direct evidence is not available, we will assume that

4

counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Lopez*, 343 S.W.3d at 143. "On direct appeal, the record is usually inadequately developed and 'cannot adequately reflect the failings of trial counsel' for an appellate court 'to fairly evaluate the merits of such a serious allegation.'" *Id.* (quoting *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002)). The Texas Court of Criminal Appeals "has repeatedly stated that claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus." *Id.*

Further, before we denounce trial counsel's actions as ineffective, counsel should normally be given an opportunity to explain the challenged actions. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). When counsel has not been given an opportunity to explain the challenged actions, we will find deficient performance only when the "conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Under the two-prong test to prove ineffective assistance of his counsel, Argo must show (1) that trial counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms and (2) that there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *See Strickland*, 466 U.S. at 687–95; *Hernandez*, 726 S.W.2d at 55–57.

**B.    Analysis**

Under the first *Strickland* prong, "the defendant must prove, by a preponderance of the evidence, that there is . . . no plausible professional reason for a specific act or omission." *Bone*,

5

77 S.W.3d at 836.  Accordingly, judicial scrutiny of counsel's performance must be highly deferential, and "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).  We apply a strong presumption that trial counsel was competent and presume that counsel's actions and decisions were reasonably professional and motivated by sound trial strategy.  *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  Also, when an appellate record is silent on why trial counsel failed to take certain actions, "the appellant has failed to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable."  *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007) (citing *Rylander*, 101 S.W.3d at 110; *Thompson*, 9 S.W.3d at 814).

Here, it is entirely possible that Argo's counsel decided that objecting to the State's statement would draw more attention to it and that, as a result, it would be better to forgo any objection.  Simply put, we lack any basis from this silent record to conclude that counsel's actions were so outrageous that no competent attorney would have decided to forgo an objection.

Because we find that the silent record precludes a finding that Argo's counsel rendered ineffective assistance, we conclude that the first *Strickland* prong has not been met.  *See Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (concluding that a silent record will not support a claim of ineffective assistance for failing to object to an improper jury argument).  As a result, we overrule Argo's sole point of error.

## III. Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:     October 2, 2025
Date Decided:     November 10, 2025

Do Not Publish